ANDREW ARCHIBALD KIRKPATRICK ROSS v. ARCHIBALD ROSS DAN MATHER, *et al.*

154 So. 194.
Division B.
Opinion Filed October 25, 1933.
Rehearing Granted November 23, 1933.
Reaffirmed on Rehearing March 9, 1934.

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellant;

*Carey & Askew,* for Appellees.

PER CURIAM.—This cause coming on to be heard upon the transcript of the record of the proceedings in the court below and the briefs and arguments of counsel, the Court is of the opinion that there is no error in the record, and it is therefore considered, ordered and adjudged by the Court that the order of the Circuit Court appealed from be and the same is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

## On Rehearing.

WHITFIELD, J.—An appeal was taken from an order sustaining demurrers to a bill of complaint, filed January 31, 1930, which seeks to have decreed to be illegal and ineffective the proceedings had in September, 1915, whereby Jessie Sarah Helen Mather, a minor niece of Sarah P. Brown, was adopted by said Sarah P. Brown and her husband, James H. Brown, as their daughter and heir at law. The complainant is a collateral relative of Sarah P. Brown, now deceased, while the defendants are the surviving husband and child of the adopted niece, now deceased, and other collateral relatives of Sarah P. Brown, who died intestate, leaving a considerable estate.

The bill of complaint alleges:

"That a correct outline of the proceedings for the adoption of said Jessie Sarah Helen Mather by Sarah P. Brown and her husband in the year 1915 above referred to is as follows: On the 6th day of September, 1915, said Sarah P. Brown, joined by her husband, James H. Brown, filed with the clerk of this court their petition praying that they be allowed to adopt Jessie Sarah Helen Mather as their daughter in order that she might inherit their property, in the event said petitioners did not see fit otherwise to dispose of the same. Said petition referred to and made a part thereof an affidavit showing that a notice of said application had been theretofore published in the Tampa Daily Times for the period required by the statute in such case made and provided, but without showing the time of such publication, said notice specifying that said petitioners would 'on the said 6th day of September, 1915, at ten o'clock A. M. make application to the Honorable F. M. Robles, Judge of the Circuit Court in and for Hillsborough County, Florida, praying that an order be made by

said Judge authorizing their adoption of said Jessie Sarah Helen Mather as their daughter.' No application to said Judge for the granting of said petition was made by said petitioners on said 6th day of September, 1915, nor was any proceeding had upon said petition on said date, or on any date thereafter until the 14th day of September, 1915, on which day said F. M. Robles, as Judge of this Court, made an order upon said petition, stating that the petition had been filed in said proceeding on said 6th day of September praying for such adoption and for the appointment of a guardian *ad litem* to represent the interests of said Jessie Sarah Helen Mather upon the final hearing of said petition, appointing Mrs. Joanna Mather, the mother of said Jessie Sarah Helen Mather, guardian *ad litem* 'to represent said minor upon the final hearing of said petition on the 15th day of September, 1915,' and directing said guardian *ad litem* to make answer to said petition on or before the said 15th day of September, 1915, 'when said petition was coming up for final hearing.' On said 14th day of September, 1915, said guardian *ad litem* filed her answer in accordance with said order wherein she admitted certain allegations of the petition above referred to, and further stated that she knew of no objection whatsoever to the granting of said petition, and consented thereto. On the 15th day of September, 1915, a decree was entered upon said petition by the Honorable F. M. Robles, Judge of this Court, reciting, among other things, that said cause came on to be heard upon that day upon said petition; that it appeared that due notice of the intention of said petitioners to apply therefor had been published; that said petition had been filed by petitioners on said 6th day of September; that application thereunder had been made to this Court on the 14th day of September for the appointing of a guardian *ad litem;* that the guardian *ad litem* had been appointed for the purpose

hereinbefore recited; that said guardian *ad litem* had filed her answer; that it appeared from said answer that there was no reason why petitioners should not be allowed to adopt said minor, and said guardian *ad litem* had expressly consented thereto; that petitioners had complied with all other legal requirements under the applicable sections of the General Statutes of Florida; and that it appeared to the satisfaction of the Court that said petition was just. It was, therefore, adjudged that the petition be granted; that the petitioners be authorized to adopt and be held to have adopted said Jessie Sarah Helen Mather as their legal daughter; that said Jessie Sarah Helen Mather should be the child and heir at law of said petitioners and that nothing thereunder should in any way interfere with any rights of property belonging to said Jessie Sarah Helen Mather at the time of said decree.' All of which will more fully appear from the original files in said proceedings now remaining on file and in the custody of the Clerk of this Court, ready to be produced in evidence as this Honorable Court shall direct."

It is alleged that the adoption proceeding "was null, void and of no effect for the following reasons":

(1) The petition was not legal nor effective in that it was not verified when filed or at any time during the day it was filed, September 6, 1915, "but said petition was filed without verification, and no verification was attached thereto until some subsequent day";

(2) The record does not "show that said petition was on said day presented, to, filed before or otherwise brought to the attention of said Judge";

(3) The statute vests jurisdiction of the proceeding in the Judge of the Circuit Court as a special tribunal, and does not place the proceeding within the general jurisdiction of the Circuit Court, and the record fails to show that

the petition was presented to, filed with or brought to the attention of the Judge on the date specified in the notice alleged to have been published;

(4) No proper affidavit proving the publication of the notice within a reasonable time prior to the making of the application "nor any other proof of such publication was presented .to the Court, either with the filing of said petition or at any time subsequent thereto, and before the entry of the final order of adoption";

(5) "Because said Joanna Mather, mother of said Jessie Sarah Helen Mather, was not made a party to said proceeding or given legal notice of the same; nor did she individually appear therein or give consent thereto."

(6) "Because although the said Jessie Sarah Helen Mather, the child adopted, appeared from the allegations of said petition to be then and there of the age of nineteen years, she was not consulted nor examined as to her wishes regarding said adoption, nor does it appear that she had any knowledge of said proceedings or consented thereto."

The question here is not whether the bill of complaint shows a lack of jurisdiction of the Judge of the Circuit Court in the adoption proceedings, but whether the adoption proceedings are shown not to have been conducted in substantial compliance with the statute which regulates the procedure in the exercise of the authority conferred so as to render the adoption decree subject to collateral attack. The statute is contained in Sections 5076 (3268)-5081 (3273), Compiled General Laws.

It is alleged that on September 15, 1915, a decree was entered upon the petition by the Circuit Judge, such decree reciting among other things, that said cause came on to be heard upon that day upon said petition; that it appeared that due notice of the intention of said petition to apply therefor had been published; that said petition had been

filed by petitioners on said 6th day of September; that application thereunder had been made to this court on the 14th day of September for the appointing of a guardian *ad litem;* that the guardian *ad litem* had been appointed for the purpose hereinbefore recited; that said guardian *ad litem* had filed her answer; that it appeared from said answer that there was no reason why petitioners should not be allowed to adopt said minor, and said guardian *ad litem* had expressly consented thereto; that petitioners had complied with all other legal requirements under the applicable sections of the General Statutes of Florida; and that it appeared to the satisfaction of the Court that said petition was just." Whereupon the decree of adoption was rendered.

The complainant does not make the adoption proceedings a part of his bill of complaint, but alleges matters relating to such proceedings, with an allegation that

"All of which will more fully appear from the original files in said proceedings now remaining on file and in the custody of the clerk of this court, ready to be produced in evidence as this Honorable Court shall direct."

Neither such original files nor copies thereof are brought to this Court. Even if the allegations of the bill of complaint do not show the adoption proceedings to have been a substantial compliance with the statute, the Circuit Judge whose order sustaining the demurrers is here appealed from, also rendered the adoption decree nearly fifteen years before, and had access to the record and filed in the adoption proceedings; and it must be assumed here that such records and files did not show a substantial non-compliance with the statutory procedure, or else the order sustaining the demurrers would not have been made.

If the petition was not verified before or on the day it was filed, it was doubtless verified before the hearing and

decree thereon. The bill shows inferentially that the petition was verified at "some subsequent day" after it was filed. The bill alleges that the decree states certain proceedings which were had, and that petitioners had complied with all other legal requirements under the statutes, and complainant does not bring the petition here to show that it was in fact not verified before the hearing and before the decree was rendered. The statute requires "a petition to the Judge of the Circuit Court" to be filed after publication of notice, but· it does not require immediate presentation or notice thereof to, or action on by the Judge.

Even if there is direct allegation that no proper affidavit proving publication of the notice was presented to the court, what is a "proper affidavit" is a question of law, and the notice and affidavit are not brought here, though the court below had access to them in the files.

The bill of complaint alleges that by answer the guardian *ad litem* consented to the adoption and that the adoption decree stated that the guardian *ad litem* who was the mother of the adopted minor "had expressly consented" to the adoption. There is no allegation that the adopted person at any time objected to the adoption decree. The statute does not require adversary parties to be named in the proceedings, or that service of notice shall be made on the guardian *ad litem* or on the minor.

The allegations of the bill of complaint do not clearly show a substantial failure to comply with the statutory procedure of the adoption of children, but tend to show a substantial compliance therewith, and the Circuit Judge had access to the original files and records in determining the sufficiency of the allegations which were addressed not to matters *in pais,* but to the records of his court that were offered to him. Such records are not brought here to show error in the ruling on demurrers to the bill of complaint.

Reaffirmed on rehearing.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.